# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE
# CIVIL ACTION NO. 3:14CV-P440-R

ELTON C. PULLIAM, JR.                                                          PETITIONER

v.

COMMONWEALTH OF KENTUCKY                                                       RESPONDENT

## MEMORANDUM OPINION

Petitioner Elton C. Pulliam, Jr., a pre-trial inmate with charges pending in Jefferson Circuit Court, filed this action pursuant to 28 U.S.C. § 2241 seeking a writ of habeas corpus. He asserts that the state court is violating his right to a speedy trial and requests to be released immediately. On July 1, 2014, the Court entered an Order directing Petitioner to show cause why his petition should not be dismissed for failure to exhaust state court remedies. Petitioner filed a response. For the reasons stated, the action will be dismissed by separate Order.

While 28 U.S.C. § 2241 establishes jurisdiction in the federal courts to consider pre-trial habeas corpus petitions, the courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state courts or by other state procedures available to the petitioner. *See Atkins v. Michigan*, 644 F.2d 543, 546 (6th Cir. 1981). Principles of comity and federalism require federal courts to abstain from deciding pre-conviction habeas challenges unless the petitioner demonstrates that: (1) he has exhausted available state court remedies, and (2) special circumstances warrant federal intervention. *See Martin-Trigona v. Shiff*, 702 F.2d 380, 388 (2d Cir. 1983) ("[T]he writ of habeas corpus is not a substitute for a regular route of appeal."); *Carden v. Montana*, 626 F.2d 82, 83-84 (9th Cir. 1980). Any alleged constitutional deprivations must be asserted through the state appellate

process. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). "Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, [the Supreme Court] conclude[s] that state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Id*. The burden is on the petitioner to demonstrate compliance with the exhaustion requirement or that the state procedure would be futile. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

In response to the Court's show cause order, Petitioner concedes that he has not filed any appeals to a higher state court. He makes factual allegations and attaches a number of exhibits concerning his arrest and the criminal action against him, including allegations that he and the alleged victim did not live together, that the alleged victim did not seek to press charges against him, and that his indictment was secured based on charges of which he was acquitted and which had been expunged. Petitioner also makes a variety of other allegations and attaches exhibits, such as allegations concerning the conditions at the Community Correctional Center where he is housed, which do not fall within the scope of habeas review. These allegations do not bear on the exhaustion of his state court remedies, which he is required to demonstrate in order to assert a § 2241 petition. Nor do the allegations give rise to special circumstances warranting federal intervention in this case.

Accordingly, the Court finds that the petition for a writ of habeas corpus pursuant to § 2241 must be dismissed.

## CERTIFICATE OF APPEALABILITY

In the event that Petitioner appeals this Court's decision, he is required to obtain a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b). A district court

must issue or deny a certificate of appealability and can do so even though the petitioner has yet to make a request for such a certificate. *Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002). When a district court denies a petition on procedural grounds without addressing the merits of the petition, a certificate of appealability should issue if the petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a plain procedural bar is present and the district court is correct to invoke it to dispose of the matter, a reasonable jurist could not conclude either that the court erred in dismissing the motion or that the petitioner should be allowed to proceed further. *Id.* In such a case, no appeal is warranted. *Id.* This Court is satisfied that no jurists of reason could find its procedural ruling to be debatable. Thus, no certificate of appealability is warranted in this case.

Date:

cc: Petitioner, *pro se*
    Jefferson County Commonwealth's Attorney
    Attorney General, Commonwealth of Kentucky, Office of Criminal Appeals, 1024 Capital Center Drive, Frankfort, KY 40601
4413.010